JOHN DOE on the demise of ELIAS ANDERSON and JOHN ANDERSON, ET AL., *vs.* RICHARD ROE, casual ejector, and JAMES WRIGHT, ET AL., tenants in possession.

### *Ejectment—Pleading and Practice.*

1. Judgment will not be allowed in an ejectment case where the counsel for defendants has entered his name on the appearance docket opposite the parties and has failed to enter into the consent rule and to lay pretentions, but the court will, in such case, order the defendant to enter into the consent rule at once and to lay his pretentions by the first rule day in vacation.

2. The correct practice stated.

(*October 2, 1897.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Philip Q. Churchman* for plaintiffs.

*J. Frank Biggs* for defendants.

Superior Court, New Castle County, September Term, 1897.

ACTION OF EJECTMENT. See facts in opinion of court.

LORE, C. J :—In this case, Mr. Biggs, attorney for defendants, has entered his name on the appearance docket as attorney —opposite the names of defendants—but has not entered into the consent rule, laid any pretentions or taken any defence as to any particular property.

Mr. Churchman, attorney for plaintiff, moves for judgment because of such failure on the part of defendant to enter into the consent rule and lay pretentions.

We do not think judgment should be rendered, but order the defendant to enter into the consent rule at once, and to lay his pretentions by the first rule day in vacation.

The correct procedure is, for the attorney for the defendant to appear, upon filing with the Prothonotary a written paper entering into the consent rule, specifying therein, by general description, for what premises he intends to defend ; and shall consent in such rule to confess upon the trial, as well as lease, entry and ouster, that the defendant (if he defends as tenant, or in case he defends as landlord then his tenant), was at the time of the service of the declaration, in possession of such premises in pursuance of *Par. 2, Rule 9, Rules of Court.*